# SUPREME COURT OF ARKANSAS

**No.** CR–97–949

| | |
|---|---|
| MARCEL WAYNE WILLIAMS | Opinion Delivered April 24, 2017 |
| APPELLANT | MOTION TO RECALL MANDATE |
| V. | |
| STATE OF ARKANSAS | |
| APPELLEE | CONCURRING OPINION. |

**JOSEPHINE LINKER HART, Justice**

After completing our telephone conference, I felt both a legal and a moral obligation to explain why the proceedings demonstrate a breakdown in the appellate process that should require this court to recall the mandate. Under the Arkansas Constitution, this court's only role in death-penalty litigation is to ensure that all of the procedures that constitute due process have been followed. The jury decides guilt and punishment—not this court. The fact that Marcel Williams committed a heinous crime is not contested, not even by Williams himself. However, that fact does not excuse us from our duty to review the entire record for error pursuant to Supreme Court Rule 4–3(i).[1] The rule states:

> (i) Court's Review of Errors in Death or Life Imprisonment Cases. When the sentence is death or life imprisonment, the Court must review all errors prejudicial to the appellant in accordance with Ark. Code Ann. § 16-91-113(a). To make that review possible, the appellant must abstract, or include in the Addendum, as appropriate, all rulings adverse to him or her made by the circuit court on all objections, motions and requests made by either party, together with such parts of the record as are needed for

---

[1] At the time of Williams's trial, the Rule was numbered 4–3(h).

an understanding of each adverse ruling. The Attorney General will make certain and certify that all of those objections have been abstracted, or included in the Addendum, and will brief all points argued by the appellant and any other points that appear to involve prejudicial error.

In the case before us, it obvious that Rule 4–3(i) was not accomplished by either the Attorney General or this court because the mitigating-circumstances portion of the verdict form was not in the transcript or in the briefs presented to the reviewing court, a fact that is not contested. Even so, this court stated in *Williams v. State*, "We conclude substantial evidence supported the jury's finding that aggravating circumstances existed beyond a reasonable doubt and that they outweighed the defendant's mitigating circumstances." 338 Ark. 97, 109, 991 S.W.2d 565, 571 (1999).

Under the statute that was in effect at the time of Williams's sentencing, to impose a death sentence:

(1) The jury shall impose a sentence of death if it unanimously returns written findings that:

(a) aggravating circumstances exist beyond a reasonable doubt; and

(b) aggravating circumstances outweight beyond a reasonable doubt all mitigating circumstances found to exist; and

(c) aggravating circumstances justify a sentence of death beyond a reasonable doubt.

No. 474, 1981 Ark. Acts 1137. Without these mandatory written findings in the record, review was impossible.

I am mindful that this court has been inconsistent in deciding whether the recall of a mandate is warranted when there are errors in verdict forms for mitigating circumstances. Even though the verdict form on mitigating circumstance is at last before this court, it does not

cure the problem. I cannot ignore that it is defective—it was not signed by the jury foreman. As the petitioner notes, based on the face of the forms, it cannot be concluded that the jury properly reviewed mitigation evidence and whether it properly weighed the evidence before sentencing him to death.

We have previously granted a recall of the mandate when there are defects in the verdict forms relating to mitigating circumstances. *See Williams v. State*, 2011 Ark. 534(Frank Williams, Jr.,not the petitioner). However, *Williams* was subsequently overruled by *Nooner v. State*, 2014 Ark. 296, 438 S.W.3d 233. Accordingly, I must concur because this court has decided that harmless error applies—at least today.